5L 415
4pi 476

## W. J. CHASE *v.* E. T., VA. & GA. R. R. Co.

CORPORATION. *Subscription for stock. Forfeiture.* A stock company, not having express power granted to declare a forfeiture of stock for non-payment, may sue for the amount of subscription to stock, and on failure to collect full amount subscribed, may collect residue by sale of stock subscribed for.

### FROM WASHINGTON.

Appeal from the Chancery Court at Jonesboro. H. C. SMITH, Chancellor.

I. C. REEVES for complainant.

C. R. VANCE for defendant.

FREEMAN, J., delivered the opinion of the court.

This bill charges, substantially, that, in 1852, complainant subscribed for eight shares of stock in defendant's company, amounting to $200; that he failed to pay his calls for the stock, and the company took a judgment against him for the amount due, on which he has since paid $110, leaving balance unpaid. He says he is financially unable to pay this balance, and that at a meeting of the board of directors some years since a resolution was passed declaring his stock forfeited, and he is now denied the privileges of a stockholder. He prays, on these facts, that the company be enjoined from collecting its judgment, and he be

paid back his money already paid. He admits he has never called on the company for a certificate of stock to the amount of his payment. The company answers and admits all the facts, concedes the declaration of forfeiture was unauthorized and void, and says that on payment of balance due he shall be restored to his position as stockholder.

Respondent, however, by way of cross-bill, on the facts stated, asks an account of thé balance due, and a sale of complainant's stock in satisfaction of the amount. This cross-bill was dismissed on demurrer by the chancellor, and relief granted on the original bill, giving a decree for the amount paid with interest, on the ground that the declaration of forfeiture relieved complainant from all liability on the subscription, and entitled him to restitution of the money paid.

We take it to be clear, as admitted, that the directory had no power to disfranchise the subscriber for stock, or deprive him of his rights, unless in accord with their charter. Waits Act. and Def., vol. 2, p. 331. And it has been held this act must be judicially conducted and party heard before action, unless some special provision for other proceeding is authorized by the charter; or, possibly, this might be regulated by by-laws adopted, not violating any provision of the charter. *Ibid.*

We take it to be now settled, that the capital stock subscribed or paid in, and other property of a corporation, is a trust fund for the payment of the debts of the corporation, so that the creditors have a lien on the same. Thompson on Liability of Stock-

holders, sec. 10, and authorities cited. The other shareholders also have rights in reference to such stock. This being so, it follows that the directory could not release it, nor modify the contract, except in accord with the provisions of the charter. An unauthorized act by them cannot, by estoppel, discharge the obligations of the stockholder, so that he stands after the action of the board in this case precisely as before.

He is, then, entitled to be restored to the position occupied before the action of the board, and declared a holder of stock to the extent of his subscription, subject, as a matter of course, to legal authorized action of the corporation. To this extent on the facts he is entitled to a decree, no further.

The company is as clearly entitled to sell his stock thus held to pay the judgment it has, on the facts stated, and the chancellor erred in sustaining the demurrer to the cross-bill of respondent.

The decree will be reversed in accord with this opinion, and the case remanded to be proceeded in under the cross-bill. Half of the costs of the court below will be paid by the company, balance by complainant and all the costs of this court.